# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAWN McANALLY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-459-M |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |
| Defendant.[1] | ) |

## REPORT AND RECOMMENDATION

Plaintiff Dawn McAnally brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 9, hereinafter "R. \_").[2] The parties have briefed their positions, and the case is now ready for decision.

---

[1] Per Federal Rule of Civil Procedure 25(d), Acting Commissioner Nancy A. Berryhill is substituted as the successor public-officer defendant in this case.

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

For the reasons set forth below, the undersigned recommends that the Commissioner's decision be reversed and this case remanded for further proceedings.

## PROCEDURAL HISTORY

Plaintiff protectively filed her applications for DIB and SSI on February 27, 2012, alleging a disability onset date of May 26, 2011. R. 200-08, 263-65. Following denial of Plaintiff's applications initially and on reconsideration, an Administrative Law Judge ("ALJ") held a hearing. R. 38-86, 87-92, 95-103. The ALJ issued an unfavorable decision on September 4, 2014. R. 11-32. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-6; *see also* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff then filed this action for judicial review.

## ADMINISTRATIVE DECISION

As relevant here, a person is "disabled" within the meaning of the Social Security Act if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 26, 2011, the alleged onset date. R. 13. At step two, the ALJ determined that Plaintiff had the following severe impairments: "recently diagnosed with scoliosis;

arthritis; migraine; depression; anxiety; Crohn's disease." R. 13-25. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 24-26.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her medically determinable impairments. R. 26-30. The ALJ found that Plaintiff has the RFC to perform light work, except:

> never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, or crawl; occasional exposure to excessive noise and vibration; work must be limited to simple, routine, and repetitive tasks; occasional interaction with co-workers, supervisors, and public.

R. 26; *see* 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining "light" work). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work and that transferability of job skills was not a material issue. R. 30.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. R. 30-31. Taking into consideration the hearing testimony of a vocational expert ("VE") regarding the degree of erosion to the unskilled light occupational base that is caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform occupations such as collator operator,[3] office helper,

---

[3] Though the ALJ's decision lists this occupation as "Call out operator," a review of the hearing transcript and the *Dictionary of Occupational Titles* ("DOT") reflects that the correct title is Collator Operator. *See* R. 83; DOT 208.685-010 (Collator Operator), 1991 WL 671753 (4th rev. ed. 1991). The undersigned accepts this as a mere scrivener's error and notes that the difference does not affect the analysis of any of Plaintiff's arguments.

3

and mail clerk, all of which offer jobs that exist in significant numbers in the national economy. R. 30-31. On this basis, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from May 26, 2011, through the date of the decision. R. 31.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ANALYSIS

In this appeal, Plaintiff challenges (1) the ALJ's determination of Plaintiff's RFC, and (2) the ALJ's evaluation of various opinions in the record. Pl.'s Br. (Doc. No. 11) at 2-9, 9-12. The undersigned agrees that the ALJ failed to properly evaluate the opinion provided by Emily Key, OTR/L.

Plaintiff's medical evidence includes several sets of records from Clinton Indian Hospital, where Plaintiff received treatment for various impairments. R. 384-518, 590-626, 627-748. These records include treatment notes from Ms. Key, Plaintiff's licensed and registered occupational therapist. *See, e.g.* R. 684-690. Ms. Key is not an "acceptable" medical source and therefore cannot give a "medical opinion" within the meaning of the Commissioner's regulations. *See* 20 C.F.R. §§ 404.1513(a)(1)-(5), (d)(1), 416.913(a)(1)-(5), (d)(1); SSR 06-3p, 2006 WL 2329939, at *2 (Aug. 9, 2006). "Medical opinions are statements from . . . 'acceptable medical sources' that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions." SSR 06-3p, 2006 WL 2329939, at *2 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). Ms. Key, however, is a nonacceptable or "other" medical source, and her opinion may be relied upon "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.*; *see* 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3); *see also id.* §§ 404.1527(f)(1), 416.927(f)(1) (eff. Mar. 27, 2017).

5

Opinions from other medical sources "are important" and "should be evaluated on key issues such as impairment severity and functional effects." SSR 06-3p, 2009 WL 2329939, at *3. Further, the ALJ's evaluation of such opinions should consider the factors set out in 20 C.F.R. §§ 404.1527(c) and 416.927(c), which apply equally to "all opinions from medical sources who are not 'acceptable medical sources.'" *Id.* at *4; *see also* 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1); *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007). And the ALJ should

> explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-3p, 2009 WL 2329939, at *6; *accord Frantz*, 509 F.3d at 1302.

The record contains a letter from Ms. Key, which the ALJ discussed as follows:

> A letter dated September 10, 2013, is from occupational therapist and states the claimant presented to occupational therapy for lumbar back pain secondary to scoliosis and arthritis. The therapist stated she evaluated the claimant's range of motion, balance, muscle strength and mobility and found her to have limited range of motion of bilateral hip flexion and extension as well as decreased ability to stand without assistance. She was able to stand 41 seconds unsupported and sit no longer than 30 minutes as she begins to fidget and weight shift secondary to lumbar back pain. She requires a cane to walk during periods of increased lumbar back pain that limits her functional mobility. She would need a chair with back support and cushion for classes requiring standing or sitting for 2 or more hours.

R. 22; *see* R. 747. The ALJ did not further address this opinion, despite the fact that Ms. Key opined that Plaintiff could only "stand 41 seconds unsupported," could "sit no longer than 30 minutes," and "requires a cane to walk during periods of increased lumbar back pain that limits her functional mobility." The ALJ found that Plaintiff generally could

perform light work, R. 26, which requires "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Because the RFC did not include a sit/stand option, the need for breaks, or other modifications to accommodate Plaintiff's limitations in standing and sitting, the ability to perform light work in the RFC is at odds with Plaintiff's impaired abilities as documented by Ms. Key, and, thus, Ms. Key's opinion "may have an effect on the outcome of the case." SSR 06-3p, 2009 WL 2329939, at *6. As such, the ALJ should have evaluated the opinion in accordance with 20 C.F.R. §§ 404.1527(c), 416.927(c), and Social Security Ruling 06-3p. Failure to do so was error. *See id.*; *Frantz*, 509 F.3d at 1302; *see also* 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.").

Moreover, according to the VE's testimony, performance of the jobs relied upon by the ALJ at step five is precluded by the use of a cane. *See* R. 31, 83-84. The ALJ found that "[Plaintiff] stated she uses a cane, wheelchair and walker and that they are prescribed by [her] primary care physician, but no prescription is found in the record." R. 29. However, a prescription is not required for an ALJ to include the use of an assistive device in an RFC. Rather, as set forth in Social Security Ruling 96-9p, an RFC should include the use of an assistive device if there is "medical documentation establishing the need" for the device and "describing the circumstances for which it is needed." SSR 96-9p, 1996 WL

7

374185, at *7 (July 2, 1996); *see also Staples v. Astrue*, 329 F. App'x 189, 191-92 (10th Cir. 2009). Ms. Key's opinion, R. 747, provides such documentation and it was error for the ALJ to fail to properly evaluate it. *See Clifton*, 79 F.3d at 1010; *Frantz*, 509 F.3d at 1302.[4]

The ALJ failed to properly evaluate this evidence and its impact on Plaintiff's RFC. Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. *See Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) ("The failure to apply the correct legal standard . . . is grounds for reversal." (alteration and internal quotation marks omitted)).[5] Based on the recommendation of remand, the undersigned need not address the remaining claims of error raised by Plaintiff. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

---

[4] The Commissioner argues that Ms. Key's opinion did not address Plaintiff's work-related abilities and discussed only accommodations needed for school. Def.'s Br. (Doc. No. 15) at 19. The undersigned finds that the findings and accommodations included in the opinion from Ms. Key are relevant to Plaintiff's work-related abilities and must be evaluated. *Cf.* SSR 06-3p, 2006 WL 2329939, at *7 (though decisions based on different rules and standards may have limited relevance for determining whether an individual is disabled under Social Security law, the ALJ must consider and cannot ignore such decisions).

[5] The record also contains an August 29, 2013 letter from Gregory Woodard, FNP-BC, RRT, a nurse practitioner who provided Plaintiff outpatient care. R. 748; *see* R. 627-746. Similarly to Ms. Key, Mr. Woodard opined that Plaintiff would require a chair with a back support and other accommodations. *See* R. 748. The ALJ did not evaluate Mr. Woodard's opinion or consider how the accommodations listed would impact Plaintiff's RFC. On remand, the Commissioner should do so. *See* SSR 06-3p, 2009 WL 2329939, at *6; *Frantz*, 509 F.3d at 1302.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be REVERSED and REMANDED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by September 12, 2017. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 29th day of August, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE